UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 05-10048-MLW |
| | ) | |
| VICTOR FILPO, | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                          December 30, 2016

In 2009, this court denied Victor Filpo's first motion to vacate his sentence under 28 U.S.C. §2255. Filpo sought certification of a second petition, which the First Circuit denied. He nevertheless file two additional petitions, one asserting a claim under Alleyne v. United States, 133 S. Ct. 2151 (2013), and the other asserting a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons stated below, the court is dismissing Filpo's Alleyne petition and transferring his Johnson petition to the First Circuit. It also allowing his motion to proceed in forma pauperis.

I.    PROCEDURAL HISTORY

On March 6, 2007, Filpo was sentenced by Judge Reginald Lindsay to 262 months in prison for conspiracy to distribute heroin. In August 2009, Filpo filed his first petition to vacate his sentence under 28 U.S.C. §2255. Filpo's petition was assigned to Judge Nancy Gertner and, subsequently, to this court. At a January 6, 2012 hearing, Filpo withdrew all but one of his claims

for relief. See January 10, 2012 Memorandum and Order (Docket No. 498) at 1. After three days of evidentiary hearings, the court denied Filpo's remaining claim on the merits. See id. at 1-2.[1] The court's decision was affirmed on appeal. On May 5, 2014, the Supreme Court denied Filpo's petition for certiorari.

While his appeal was pending, Filpo moved in the First Circuit to certify a second §2255 petition. That motion was denied. Filpo nevertheless filed a second §2255 petition on May 5, 2014, seeking relief under Alleyne v. United States, 133 S. Ct. 2151 (2013). See Docket No. 523. On April 11, 2016, he filed his third §2255 petition, this time challenging his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). See Docket No. 553. Filpo did not receive certification from the First Circuit to file either his second or third petition. Filpo also moved for the court to appoint counsel and permit him to proceed in forma pauperis. See Docket No. 554.

## II.  ANALYSIS

A federal district court lacks jurisdiction over a second or successive §2255 petition unless the petition has been "certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h); Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015),

---

[1] That decision, rendered orally, was memorialized in a written September 7, 2012 Memorandum and Order. See Docket No. 505.

cert. denied, No. 16-5252, (U.S. Oct. 3, 2016). "When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." Id.

The phrase "second or successive" is a term of art that does not necessarily encompass every §2255 petition that is literally second or successive. See Slack v. McDaniel, 529 U.S. 473, 486-87 (2000); Jahagirdar v. United States, No. C.A. 07-10923-MLW, 2010 WL 2595564, at *2 (D. Mass. June 24, 2010). A later-filed §2255 petition is not second or successive:

> (1) where the later petition raises the same grounds as a previous petition that had been dismissed as premature; (2) where a state prisoner's later petition raises the same grounds as a previous petition that had been dismissed for failure to exhaust state remedies; (3) where the earlier petition terminated without a judgment on the merits; or (4) where the later petition attacks a different criminal judgment, such as where a prisoner who has successfully brought a first habeas claim is retried, reconvicted, and resentenced and then attacks the new judgment.

Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000) (internal citations omitted).[2] Filpo does not argue, and the court does not find, that any of these exceptions apply to his second or

---

[2] The First Circuit previously left open the possibility of a fifth exception "where the prisoner could not reasonably have presented his claim in an earlier petition." Id. at 13. It has, however, recently foreclosed that possibility on the ground that such an exception would undermine Congressional intent. See Bucci, 809 F.3d at 27.

third petition. Accordingly, those petitions are successive and require certification by the First Circuit under §2255(h).

Because Filpo's second and third petitions are successive, the court "must either dismiss [them] or transfer [them] to the court of appeals." Bucci, 809 F.3d at 26. The court is transferring Filpo's third petition, which asserts a claim under Johnson v. United States. Similar petitions have been certified by the First Circuit. See, e.g., Pakala v. United States, 804 F.3d 139, 140-41 (1st Cir. 2015) (per curiam). It is, however, dismissing his second petition, which asserts claims under United States v. Alleyne. Alleyne has not been made retroactive to cases on collateral review by the Supreme Court. See Butterworth v. United States, 775 F.3d 459, 465 (1st Cir.), cert. denied, 135 S. Ct. 1517 (2015). Filpo's Alleyne claim could not, therefore, be certified under §2255(h)(2). Nor has he presented any newly discovered evidence that would allow that claim to be certified under §2255(h)(1). Accordingly, transferring his second petition "would [be] an exercise in futility." Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008).

Because the court does not now have jurisdiction to decide Filpo's second or third petition, his motion to appoint counsel is being denied without prejudice to renewal if a successive petition is certified. The court is, however, allowing Filpo's motion to

proceed <u>in forma pauperis</u>, as his motion satisfies the requirements of 28 U.S.C. §1915(a)(1).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a COA, a petitioner must make "a substantial showing of a denial of a constitutional right." <u>See</u> 28 U.S.C. §2253(c)(2). In other words, a COA is warranted if "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A claim can be debatable "even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." <u>Id.</u>

Dismissal of Filpo's second §2255 petition is "a final order adverse to the applicant." §2255 Rule 11(a). However, the court finds that no reasonable jurist would conclude that Filpo's second petition was not "second or successive" under §2255(h). Nor would a reasonable jurist conclude that Filpo's <u>Alleyne</u> claim could be certified under §2255(h)(1) or (2). Accordingly, the court is denying a COA on the dismissal of Filpo's second petition. He may

seek a COA from the Court of Appeals for the First Circuit. <u>See</u> §2255 Rule 11(a).

IV.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   Filpo's second Motion to Vacate under 28 U.S.C. §2255 (Docket No. 523) is DISMISSED with prejudice.

2.   Filpo's third Motion to Vacate under 28 U.S.C. §2255 (Docket No. 553) is TRANSFERRED to the First Circuit for certification under 28 U.S.C. §2255(g).

3.   Filpo's Motion to Appoint Counsel and Motion for Leave to Proceed <u>In Forma Pauperis</u> (Docket No. 554) is ALLOWED to the extent Filpo seeks to proceed <u>in forma pauperis</u> and DENIED without prejudice in all other respects.

4.   A Certificate of Appealabilty as to the dismissal of Filpo's second Motion to Vacate under 28 U.S.C. §2255 is DENIED.


UNITED STATES DISTRICT JUDGE